SHUGART'S ADM'X

*v.*

NORFOLK & W. R. Co.

(*Supreme   Court of Appeals of Virginia, July 11, 1895.*)

[22 S. E. Rep. 484.]

**Injury to Employee—Unusual Duties—Case at Bar.**

Deceased was a fireman in employ of the defendant railroad company. The engineer acted as conductor, and at times uncoupled cars, and sometimes requested the deceased to do so. The deceased also uncoupled cars of his own motion, but on the occasion when the accident occurred the engineer, who alone testified for the plaintiff on this point, did not recollect whether the deceased was requested so to do, or not. It was claimed that by reason of the insufficient number of persons in charge of the train the deceased was killed while uncoupling cars: *held* that, as it had not been shown that he was ordered to perform that unusual duty, the company was not responsible.

Error to circuit court, Washington county; Kelly, Judge.

Action by Isabella Shugart, administratrix, against the Norfolk & Western Railroad Company. Judgment for defendant. Plaintiff brings error. Affirmed.

*Daniel Trigg* and *C. F. Trigg*, for plaintiff in error.

*Fulkerson, Page & Hurt*, for defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff in error brought an action of trespass on the case in the circuit court for Washington county against the

defendant, to recover damages for negligently running its cars over her intestate, so that he died by reason of the injuries done him.

Upon a trial of the cause the defendant demurred to the evidence, and the court sustained the demurrer, and gave judgment for the defendant. To that judgment a writ of error was awarded by this court.

The plaintiff bases her right to recover upon the ground that the train upon which her intestate was fireman did not have upon it a sufficient number of servants to do the work required of them ; that the engine was defective ; that the conductor was absent from his place of duty, at a hotel some 200 or 300 yards away, and that the engineer, who, it is claimed, was in charge of the train in the conductor's absence, ordered the fireman to uncouple cars, so as to expedite the shifting of cars in which the train was then engaged ; and that while engaged in uncoupling cars—a work more dangerous, and not within the scope of his employment as fireman—he received the injuries from which he died.

It is unnecessary to decide whether or not the defendant company failed in its duty to exercise reasonable care in selecting and retaining a sufficient number of competent servants, or in providing and keeping safe and suitable machinery for the work in which the plaintiff's intestate was engaged, unless the evidence shows that the plaintiff's intestate was ordered to leave his place of duty as fireman, and to engage in the other and more dangerous work of uncoupling cars.

The plaintiff's only witness upon this point was the engineer, who proves that he had uncoupled cars himself ; that he had sometimes requested the plaintiff's intestate to do so ; that the said intestate had sometimes done so of his own motion, but that on the occasion when the accident occurred he does not recollect whether he made any such request or not. The burden of proof was upon the plaintiff to prove that her intestate was

engaged in uncoupling the cars by order of his superior.   Having failed to show this, there could be no recovery in this case, whatever the facts may have been as to the other grounds of negligence relied on, for the injury could not have happened to him if he had continued to perform his duties as fireman, and not gone to a place of danger not within the scope of his employment.

The circuit court did not err in sustaining the demurrer to the evidence, and its judgment must be affirmed.